IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01478-BNB

CHRISTOPHER J. BELLIN,

    Applicant,

v.

RICHARD SMELSER, Warden, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -6 2008

GREGORY C. LANGHAM
               CLERK

## ORDER OF DISMISSAL

I. Background

Applicant Christopher J. Bellin is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Bellin initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his sentence that was entered in the Larimer County District Court in Fort Collins, Colorado, subsequent to his parole revocation.

In an order filed on August 5, 2008, the Court directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 21, 2008, Respondents filed their Pre-Answer. Mr. Bellin filed a Reply to the Pre-Answer on September 5, 2008.

In the Application, Mr. Bellin asserts that in 1994 he pled guilty to three counts of sexual assault on a child and was sentenced to three concurrent, eight-year terms. (Application at 2.) He further asserts that he filed a direct appeal, in which a petition for a writ of certiorari was denied on June 4, 2008. (Application at 2-3.) Mr. Bellin asserts two claims for relief in the instant action, including a violation of his right not to be subject to double jeopardy and a due process or equal protection right to reconsideration of his sentence. (Application at 5-6.)

In the Pre-Answer, Respondents assert that Mr. Bellin pled guilty in the State of Colorado Criminal Case No. 94CR161, on June 20, 1994, to three counts of sexual assault. (Pre-Answer at 1.) Respondents further assert that the trial court imposed three concurrent, eight-year sentences but then granted Mr. Bellin's motion for reduction of sentence, on February 1, 1995, reducing his sentence to twelve years of probation. (Pre-Answer at 2.)

Respondents also state that Mr. Bellin's probation was revoked and on October 21, 2005, he entered into a "Statement of Disposition-Revocation," in which he confessed to the charges against him and agreed to leave resentencing open to the discretion of the court. (Pre-Answer at 2.) Respondents further assert that on January 5, 2006, the trial court resentenced Mr. Bellin to three eight-year sentences to be served consecutively. (Pre-Answer at 3.) Respondents state that Mr. Bellin filed a notice of appeal on February 2, 2003, arguing that the probation revocation violated the Double Jeopardy Clause. (Pre-Answer at 3.) The state court of appeals affirmed the sentence finding Mr. Bellin precluded from asserting error in his sentence because he

invited the error. (Pre-Answer at 3.) The Colorado Supreme Court denied the petition for certiorari review on May 12, 2008. (Pre-Answer at 3.)

II. Analysis

The Court must construe liberally Mr. Bellin's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action on the merits.

### A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). For purposes of § 2244(d), the one-year time limitation began to run ninety days after the Colorado Supreme Court denied Mr. Bellin's petition for certiorari review on May 12, 2008, in his direct appeal. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (tolling under § 2244(d) includes the time a petitioner can file a petition for a writ of certiorari with the U.S. Supreme Court whether or not the petitioner actually files such a petition) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Mr. Bellin's conviction, therefore, became final on August 11, 2008. *See* Sup. Ct. R. 13.1. and 30.1.

Based on the above findings, the Court finds and Respondents agree, the Application is timely.

B. State-Court Exhaustion

Respondents contend that Mr. Bellin has failed to exhaust his state court remedies in Claim One because the state court of appeals dismissed the claim on an independent and adequate procedural basis. (Pre-Answer at 10.) Respondents further contend that the state court of appeals invoked the doctrine of invited error to determine that Mr. Bellin was precluded from challenging the sentence on appeal. (Pre-Answer at 9.) Respondents concede that the Tenth Circuit has not addressed the issue of invited

4

error as a procedural bar in federal habeas proceedings, but they contend that a district court, in *Tillman v. Cook*, 25 F. Supp. 2d 1245, 1274-76 (D. Utah 1998), recognized it as a legitimate state procedural bar to a federal claim. Respondents also assert, relying on *Wilson v. Ozmint*, 357 F.3d 461, 467 (4th Cir. 2004), *Coleman v. O'Leary*, 845 F.2d 696, 699-701 (7th Cir. 1988), and *Francois v. Wainwright*, 741 F.2d 1275, 1282 (11th Cir. 1984), other circuits have found that the doctrine of invited error is an independent and adequate state procedural ground barring federal review of a claim raised in a habeas action. In his Reply, Mr. Bellin simply states that he has completely exhausted his state court remedies in Claim One.

As opposed to addressing whether the doctrine of invited error is an independent and adequate procedural basis for a state court to reject a claim, the Court will proceed to decide the merits of Claim One, pursuant to 28 U.S.C. § 2254(b)(2). Even if Mr. Bellin's double jeopardy claim was properly before this Court, Applicant does not assert a viable claim. The Double Jeopardy Clause of the Fifth Amendment protects against multiple criminal punishments for the same offense. *See Hudson v. United States*, 522 U.S. 93, 99 (1997). Criminal defendants are protected against (1) prosecution for the same offense after an acquittal, (2) prosecution for the same offense after a conviction, and (3) multiple punishments for the same offense. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), **overrruled on other grounds by Alabama v. Smith**, 490 U.S. 794 (1989).

A revocation proceeding simply is not a criminal prosecution to which double jeopardy protections apply. *See Gillespie v. Hunter*, 159 F.2d 410, 412 (10th Cir.

1947) (probation revocation did not constitute double jeopardy). A court is able to impose any sentence in a revocation proceeding which originally might have been imposed. *Id.* Furthermore, any expectation of finality in a sentence is absent when a defendant agrees, as Mr. Bellin did in the Statement of Disposition-Revocation, (Pre-Answer at App. A.), to leave to the discretion of the court whether any resentences would be served concurrently or consecutively. *See Ward v. Williams*, 240 F.3d 1238, 1242 (10th Cir. 2001) (defendant does not have a legitimate expectation of finality in sentence he challenged). Therefore, Claim One will be dismissed on the merits.

With respect to Claim Two, Respondents assert that Mr. Bellin did not raise this claim in either the Colorado Court of Appeals or the Colorado Supreme Court. They conclude that the claim remains unexhausted and may not be considered in federal court. (Pre-Answer at 11.) Respondents further argue that, even if Claim One is not procedurally defaulted, the Application must be dismissed as a mixed petition under *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

In his Reply, Mr. Bellin asserts that he has exhausted Claim Two, because the claim is based on the state court of appeals' denial of his constitutional rights. Mr. Bellin contends that since he appealed the court of appeals' opinion to the Colorado Supreme Court he has exhausted his state court remedies with respect to Claim Two.

Again, the Court will refrain from determining whether state court remedies have been exhausted in Claim Two and will proceed, pursuant to § 2254(b)(2), to decide the merits of the claim. The Court finds that in Claim Two Mr. Bellin simply is challenging the Colorado Court of Appeals' decision and is asking for reconsideration of the

decision claiming that the court of appeals erred in their opinion. The claim is no more than a restatement of Applicant's first claim, and a request that this Court overturn the Colorado Court of Appeals' decision. The claim, therefore, lacks merit and will be denied.

III. Conclusion

Accordingly, based on the above findings, it is

ORDERED that the Application is denied and the action is dismissed on the merits.

DATED at Denver, Colorado, this 3 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01478-BNB

Christopher Bellin
Prisoner No. 84699
Crowley County Correctional Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

Alexander C. Reinhardt
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/6/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk